Jiang v. Lynch

BIA
Christensen, IJ
A205 301 357

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

ZHAO JIANG,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

15-2594
NAC

FOR PETITIONER: Lewis G. Hu, New York, New York.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhao Jiang, a native and citizen of the People's Republic of China, seeks review of a July 31, 2015 decision of the BIA affirming a November 20, 2013 decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhao Jiang,* No. A205 301 357 (B.I.A. July 31, 2015), *aff'g* No. A205 301 357 (Immig. Ct. N.Y. City Nov. 20, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications like Jiang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor,

or responsiveness of the applicant or witness," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163 n.2. The adverse credibility determination is supported by substantial evidence.

The IJ reasonably relied on multiple inconsistencies among Jiang's testimony, supporting documents, and the testimony of his witness. *Xiu Xia Lin*, 534 F.3d at 163-64. Those inconsistencies constitute substantial evidence because they relate to Jiang's claim of past harm in China. *Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006). As the IJ concluded, Jiang provided inconsistent evidence regarding whether he or the police called Jiang's mother to bail him out of detention. Jiang inconsistently testified to both; his application stated that police allowed him to call his mother; and his mother's letter stated that she received a call from the police station. Jiang also testified inconsistently as to whether his underground church was still in operation, stating that it was not holding meetings, but was still standing, then explaining

3

that the members still had faith but no physical space. However, the church's letter in support of Jiang's application was dated September 2013, indicating that the church still existed. That letter further undermined Jiang's credibility because it omitted any mention of any raids or arrests, even though the letter was written by a member allegedly arrested with Jiang. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (holding that "[a]n inconsistency and an omission are . . . functionally equivalent"). Jiang compounded this problem by testifying inconsistently as to who was present during the raid on the church: he initially stated that two church leaders were present, Mr. Jiang and Mr. Li, but then testified that Mr. Jiang was not present. Finally, Jiang testified that, after his release from detention, he lived with his parents, as he had always done; however, his application stated that he went to Fuzhou City to hide for a month before leaving China.

The IJ's findings are supported by the record and relate to the single incident of past harm to which Jiang testified; accordingly, their cumulative effect undermined the entire basis of Jiang's claim of past persecution. *Xian Tuan Ye*, 446 F.3d at 295; *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

4

Moreover, Jiang did not provide compelling explanations for these inconsistencies. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The adverse credibility determination is further supported by Jiang's inconsistent testimony regarding his church attendance in the United States and the IJ's demeanor finding. *See Xiu Xia Lin*, 534 F.3d at 167 (allowing reliance on "collateral or ancillary" inconsistencies); *Majidi*, 430 F.3d at 81 n.1 (explaining that "particular weight" is accorded to IJ's demeanor findings). Jiang's testimony that he attended church every Monday beginning in April 2012 was inconsistent with both a witness who testified that Jiang missed several weeks and a letter from the church reporting attendance for less than half of the weeks between April 2012 and the date of the letter. The IJ was not required to credit Jiang's explanation, which also contained inconsistencies. *Majidi*, 430 F.3d at 80-81.

Considering the multiple inconsistencies in the record, and Jiang's poor demeanor, the "totality of the circumstances" supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of

asylum, withholding of removal, and CAT relief because all three forms of relief relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6